<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4263**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY RAY SEABOLT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (2:05-cr-00032-REM-JSK-1)

Submitted: November 13, 2008        Decided: November 18, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Ray Seabolt pled guilty to aiding and abetting the attempted manufacture of methamphetamine, and the district court sentenced him to a 168-month term of imprisonment. On appeal, counsel has filed an Anders[1] brief, concluding that there are no meritorious issues for appeal, but questioning whether the district court erred in calculating Seabolt's Guidelines range and in choosing an appropriate sentence. The Government has moved to dismiss the appeal based upon Seabolt's waiver of appellate rights in his plea agreement.[2] Although informed of his right to do so, Seabolt has not filed a pro se supplemental brief. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] Seabolt waived the right to appeal "any sentence, or the manner in which it was determined, on any ground whatever."

appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the Rule 11 hearing discloses that Seabolt was informed of the nature of the waiver and its potential consequences and that he understood. Thus, we find the waiver valid and enforceable. Moreover, the sentencing issues raised on appeal fall within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Seabolt's conviction that may be revealed by our review pursuant to Anders. Nonetheless, our review of the transcript of the plea colloquy leads us to conclude that the district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Seabolt's conviction and dismiss the appeal of his sentence. This court requires that counsel inform the client, in writing, of the right to

3

petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART